FILED

07 APR -2 PM 3: 41

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

_PDL_          DEPUTY

ROSNER & MANSFIELD, LLP
Hallen D. Rosner, SBN: 109740
Alan M. Mansfield, SBN: 125998
John W. Hanson, SBN: 214771
10085 Carroll Canyon Road, First Floor
San Diego, CA 92131
(858) 348-1005

THE CONSUMER ADVOCACY CENTER, P.C.
Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
180 West Washington, Suite 700
Chicago, Illinois  60602
(312) 782-5808

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DATE, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SONY ELECTRONICS, INC. and ABC WAREHOUSE,<br><br>Defendants. | ) Case No.<br>) 07 CV 0592  ·  BEN RBB<br>) **CLASS ACTION COMPLAINT**<br>)<br>) Violations of Cal. Civ. Code §§1750. *et seq.*, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, and Breach of Contract<br>)<br>) (Jury Trial Requested) |

Plaintiff, David Date, Jr., on behalf of himself and all others similarly situated, all to the best of his knowledge, information, and belief formed after an investigation reasonable under the circumstances, which facts are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, except for information identified herein based on personal knowledge, hereby alleges as follows:

### JURISDICTION AND VENUE

2.     Jurisdiction and venue in this Court are based upon § 1332 of Title 28 of the United States Judicial Code, 28 U.S.C. § 1332, as amended by The Class Action Fairness Act of

1   2005 ("CAFA"), Pub. Law 109-2 (Feb.18, 2005). The Class involves more than 100 persons. 28

2   U.S.C. §1332(d)(5)(A). The aggregate amount in controversy, exclusive of interest and costs,

3   exceeds $5,000,000.00. 28 U.S.C. §1332(d)(2). Plaintiff is a resident of Michigan, and

4   Defendant Sony Electronics, Inc. resides and has a principal place of business in San Diego,

5   California. Therefore, minimal diversity of opposing parties is present as required under CAFA.

6   28 U.S.C. § 1332(d)(2)(A).

7        3.     In connection with the acts and course of conduct alleged in this Complaint, the

8   Defendants both directly and indirectly used the means and instrumentalities of interstate

9   commerce, including the United States mails and interstate telephone communications, to engage

10   in the conduct at issue herein.

11       4.     Venue is proper in this District under §§ 1391(a) and 1391(c) of Title 28 of the

12   United States Code because a substantial part of the acts and conduct charged herein, including

13   the promotion, use, sale, marketing, and/or distribution of the products at issue, occurred in this

14   District, as did the issuance of materially false and misleading representations. Numerous Class

15   members reside in this venue. Defendant ABC Warehouse, Inc. conspired with Defendant Sony

16   Electronics, Inc. regarding the wrongdoing alleged herein. Numerous Class members purchased

17   a Sony Grand Wega, Model KDS-R50XBR1 manufactured by Sony Electronics, Inc. in this

18   venue and were thereby injured and subjected to irreparable harm in this venue. Sony

19   Electronics, Inc. received substantial compensation and profits from sales of such products in this

20   venue. Thus, Sony Electronics, Inc.'s liability arose in substantial part in this District.

21   Defendants are also registered to do business, and/or in fact do business in this District.

22                      **THE PARTIES**

23       5.     Plaintiff David Date, J.R. is a natural person who resides in Michigan.

24       6.     Defendant Sony Electronics, Inc. (referred to hereinafter as "Sony") is a

25   corporation formed under the laws of Delaware, with a principal place of business located at

26   16530 Via Esprillo, San Diego, California 92727. At all relevant times, Sony was engaged in

27   the business of distributing, marketing, and/or selling Sony televisions in California and in all 50

     states.

1       7.     Defendant ABC Warehouse is a Michigan corporation, with a principal place of

2   business at One West Silverdome Industrial Park, Pontiac, Michigan 48342. At all relevant

3   times, ABC Warehouse placed items into the stream of interstate commerce and was engaged in

4   the business of distributing, marketing, and/or selling its products, including Sony Wega

5   televisions, in some or all of the 50 states through both its store locations and through its

6   interactive website.

7       8.     At all times mentioned in the causes of action alleged herein, by distributing

8   uniformly false and misleading information about the Sony Grand Wega television, Model KDS-

9   R50XBR1 as detailed herein, by not publicly disclosing their wrongful conduct and by

10   participating in a scheme to profit economically from each Defendant's individual and collective

11   efforts to mislead consumers, each and every Defendant acted as an aider, abettor and co-

12   conspirator of each and every other Defendant, or is obligated by law to be financially

13   responsible for such conduct. At all times mentioned in the causes of action alleged herein, each

14   and every Defendant was an agent and/or joint venturer of each and every other Defendant. By

15   engaging in the conduct alleged herein, each and every Defendant was acting within the course

16   and scope of this joint venture, agency and conspiracy, and with the authorization of each of the

17   remaining Defendants to the extent that any affirmative misrepresentations or omissions alleged

18   herein were perpetrated by one or more Defendants by continuing to participate in this

19   conspiracy. As a result thereof, Defendants have engaged in a conspiracy to violate the law as

20   detailed herein, and to mislead and deceive consumers regarding the facts detailed herein, all to

21   defendants' individual and mutual economic benefit.

22       9.     Whenever this Complaint refers to any act or acts of Defendants, the reference

23   shall also be deemed to mean that the directors, officers, employees, affiliates, or agents of the

24   responsible Defendant authorized such act while actively engaged in the management, direction

25   or control of the affairs of Defendants, and each of them, and/or by persons who are the parents

26   or alter egos of Defendants while acting within the scope of their agency, affiliation, or

27   employment. Whenever this Complaint refers to any act of Defendants, the reference shall be

deemed to be the act of each Defendant, jointly and severally.

1                           **PLAINTIFF'S CLASS ALLEGATIONS**

2         10.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal

3 Rules of Civil Procedure, on behalf of himself and all others similarly situated as representative

4 members of the following proposed class: "All persons who purchased one or more Sony Grand

5 Wega televisions, Model KDS-R50XBR1, that was warranted and advertised as capable of

6 displaying 1080p resolution when it did not." Plaintiff also brings this action on behalf of

7 subclass defined as "all persons who purchased such Sony televisions through ABC Warehouse."

8  The Class and Subclasses exclude Defendants and their co-conspirators, their subsidiaries,

9 affiliates, officers, and employees, and the Court and its staff.

10                                **NUMEROSITY OF THE CLASS**

11        11.     The proposed Class is so numerous that the individual joinder of all its members

12 in one action is impracticable. While the exact number and the identities of Class members are

13 not known at this time, they can be ascertained through appropriate investigation and discovery.

14                                 **TYPICALITY OF CLAIMS**

15        12.     Plaintiff's claims are typical of the claims of the members of the Class because

16 Plaintiff and all Class members were injured by the same wrongful conduct and scheme of the

17 Defendants alleged herein. Defendants advertised that the Model KDS-R50XBR1 Sony Grand

18 Wega television was always capable of running at 1080p resolution and charged Plaintiff and the

19 class members a premium for a television with this resolution. However, these televisions do not

20 fully operate at 1080p resolution as advertised.

21                       **EXISTENCE AND PREDOMINANCE OF**

22                  **COMMON QUESTIONS OF LAW AND FACT**

23        13.     The common questions of law and fact raised in this litigation substantially

24 predominate over any questions that may affect only individual Class members. These common

25 questions of law and fact include, but are not limited to:

26

27              (a)     Whether these televisions are fully capable of always displaying 1080p
                           resolution;

(b) Whether Defendants knew the televisions were not fully capable of always running at 1080p resolution;

(c) Whether the advertisements and statements issued by Defendants or their joint venturers and agents were and are untrue and/or had a likelihood of deceiving Class members;

(d) Whether Defendants' conduct violated consumer protection statutes;

(e) Whether Defendants' uniform course of conduct was unconscionable or constitutes untrue or misleading advertising, fraud or concealment of material facts;

(f) Whether Defendants omitted to disclose material facts necessary in order to make Defendants' other statements not misleading for want of disclosure of such omitted facts;

(g) Whether Defendants improperly failed to notify all Class members and the general public of the true facts regarding the ability to receive 1080p resolution on the Sony Grand Wega television, Model KDS-R50XBR1;

(h) Whether the gravity of the harm attributable to such conduct was outweighed by any benefits attributable thereto;

(i) The amount of revenues and profits Defendants received or saved and/or the amount of monies or other obligations imposed on or lost by Class members as a result of such wrongdoing;

(j) Whether Class members are threatened with irreparable harm and/or are entitled to injunctive and other equitable relief and, if so, what is the nature of such relief; and

(k) Whether plaintiff and members of the Class are entitled to damages, rescission or equitable relief and the appropriate measure of such relief.

## ADEQUATE REPRESENTATION

15. Plaintiff will fairly and adequately protect the interests of the members of the Class in that he has no irreconcilable conflicts with or interests materially antagonistic to those of the other Class members.

16. Plaintiff has retained attorneys experienced in the prosecution of class actions, and who have been previously appointed by courts as adequate class counsel.

## SUPERIORITY AND SUBSTANTIAL BENEFITS OF CLASS LITIGATION

17. A Class action is manageable and superior to other available methods for the fair and efficient group wide adjudication of this controversy for the following reasons:

(a)    it is economically impracticable for members of the Class to prosecute individual actions;

(b)    Plaintiff is aware of no other litigation concerning this controversy already commenced by or against members of the Class;

(c)    The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, thus establishing incompatible standards of conduct for defendants;

(d)    Because of the nature of some of the relief sought, the prosecution of separate actions by individual Class members would create a risk of adjudication with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or would substantially impair or impede the ability of such Class members to protect their interests;

(e)    it is desirable to concentrate these claims in a single forum because no member of the Class has sustained damages sufficient to warrant litigation of the claims separately; and

(f)    there are no difficulties likely to be encountered in the management of this class action.

18.    Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

19.    Notice of the pendency of and any resolution of this action can be provided to the Class members by individual mailed notice or the best notice practicable under the circumstances.

## FACTS

20.    Prior to March 31, 2006, Plaintiff David Date, Jr. ("Plaintiff") reviewed various advertisements and specifications for televisions, seeking to find a television that ran at 1080p resolution.

21.    Plaintiff was looking to purchase a television at 1080p resolution so that he would be assured of maximum performance and use based on the fast changing technology and the premium paid for such product. Companies charge several hundred dollars more for 1080p resolution television than they do for 1080i or other lower resolution televisions due to the purported characteristics of increased technological benefits.

1      22.     Prior to March 31, 2006, Plaintiff was told, via advertisements and other uniform

2  representations, including the Defendants' published specifications of the Sony Grand Wega

3  television Model KDS-R50XBR1, that this model television had the characteristic, use, or

4  benefit that it ran at 1080p resolution. *See, e.g.,* <u>Exhibit A</u>, incorporated herein by reference. As

5  this advertisement shows, the resolution is one of the primary characteristics Defendants focus

6  upon in the advertising.

7      23.     On or about March 31, 2006, Plaintiff went to ABC Warehouse to purchase a

8  television that ran at 1080p resolution. He was told by ABC Warehouse again that the Sony

9  Grand Wega Model KDS-R50XBR1 always ran at 1080p resolution. ABC Warehouse also

10  made this representation on its store's internet site. *See* <u>Exhibit B</u>, incorporated herein by

11  reference.

12     24.     Based on and as a result of Defendants' representations and advertisements

13  regarding the resolution of the television, Plaintiff purchased the Sony Grand Wega Model KDS-

14  R50XBR1. *See* <u>Exhibit C</u>, incorporated herein by reference.

15     25.     After receiving the television and trying to hook it up to his computer, Plaintiff

16  discovered that the television would not run at 1080p resolution.

17     26.     Plaintiff telephoned Sony regarding this problem and was told for the first time

18  that, contrary to Defendants' advertisements, the television in fact did not always run at 1080p

19  resolution.

20     27.     Since having been informed of the true facts, Plaintiff attempted to resolve this

21  matter, including filing a Complaint with the Better Business Bureau against ABC Warehouse.

22  However, ABC Warehouse failed to offer Plaintiff his actual damages suffered, a full refund, or

23  even a suitable replacement television that would perform as his television was advertised.

24  Instead, all ABC Warehouse offered was a Sony television that did not run at 1080p, and with

25  less options than the television already purchased by Plaintiff.

26     28.     On February 26, 2007, Plaintiff sent Defendants a Notice of Violation of the

27  Consumers Legal Remedies Act and Demand for Remedy via facsimile and certified mail, with

return receipt requested. *See* <u>Exhibit D</u>, incorporated herein by reference.

1       29.     On March 23, 2007, Sony sent Plaintiff correspondence denying any wrongdoing

2   or liability.  *See* Exhibit E, incorporated herein by reference.  ABC Warehouse did not respond to

3   ·such letter at all.

4       30.     Defendants thus have failed to comply with the representations made in their

5   advertisements and with their statutory obligations despite demand having been made therefor by

6   Plaintiff, on behalf of himself and the Class.

7       31.     Defendants uniformly represented and over-charged Plaintiff and the class

8   members for televisions having 1080p resolution, when such televisions could not perform as

9   advertised and represented.

10       32.     As a result of the foregoing, Defendants have systemically engaged in a series of

11   transactions in violation of California and other applicable law.

12       33.     Plaintiff and the class members suffered injury as a result of Defendants' false

13   advertisements and their failure to comply with their obligations imposed under all applicable

14   laws.  Class members should therefore receive all amounts improperly overcharged by

15   Defendants.

16       34.     Plaintiff and the Class members have not received a return of the improperly paid

17   or retained monies despite demand therefor, and are currently owed such amounts, plus any

18   damages, restitution, interest or other legal or equitable monetary relief required to be paid to

19   them by law.

20       35.     Defendants' failure to abide by their legal obligations is ongoing and continues to

21   this date.

22                 **TOLLING OF APPLICABLE STATUTES OF LIMITATION**

23       36.     Any applicable statutes of limitation have been equitably tolled by Defendants'

24   affirmative acts of fraudulent concealment, suppression, and denial of the true facts regarding the ·

25   existence of the practices at issue herein.  Such acts of fraudulent concealment included covering

26   up and refusing to publicly disclose the fact they were not honoring the advertisements and offers

27   and/or by claiming a legal and contractual right to do so.  Through such acts of fraudulent

      concealment, Defendants were able to actively conceal from the class the truth about and

1   justification for Defendants' practices, thereby tolling the running of any applicable statutes of

2   limitation until public disclosure of the true facts.  Defendants still refuse to this day to take full

3   responsibility for their actions, despite being aware that such conduct has taken place.

**COUNT I**
**Violation of CAL. CIV. CODE § 1750, *et seq.***
**The California Consumers Legal**
**Remedies Act**

**(Against All Defendants)**

4
5
6
7

8        37.   Plaintiff hereby incorporates by reference, as if fully set forth herein, each and

9    every allegation contained in ¶¶1-36 hereof and further alleges as follows.

10       38.   The California Consumers Legal Remedies Act, CAL. CIV. CODE § 1750, *et seq.*

11   ("CLRA"), has adopted a comprehensive statutory scheme prohibiting various deceptive

12   practices in connection with the conduct of a business providing goods, property or services to

13   consumers primarily for personal, family or household purposes.

14       39.   The transactions, policies, acts, and practices engaged in by Defendants and

15   alleged herein were intended to, and did, result in the sale of the products and services here at

16   issue to a number of the members of the Class primarily for personal, family or household

17   purposes, and violated and continued to violate the CLRA, California Civil Code § 1770(a), and

18   other comparable consumer protection laws  in at least the following respects:

19
20       (5)   Representing that goods or services have . . . characteristics, . .
             . uses [or] benefits . . . which they do not have;

21
22       (7)   Representing that goods . . . are of a particular standard, quality
             or grade, or that goods are of a particular style or model, if they
             are of another;

23
24       (9)   Advertising goods or services with intent not to sell them as
             advertised;

25
26       (14)  Representing that a transaction confers or involves rights,
             remedies, or obligations which it does not have, or which are
             prohibited by law; and

27
         (16)  Representing that the subject of a transaction has been supplied
             in accordance with a previous representation when it has not.

9

1    40.    As a result, members of the Class have had their legal rights infringed upon and

2    suffered irreparable harm, entitling them to both injunctive relief and restitution.

3    41.    In compliance with the provisions of California Civil Code §1782, Plaintiff has

4    given written notice to Defendants of the intention to file an action for damages under California

5    Civil Code § 1750, *et seq*. Class Plaintiff has also requested Defendants offer an appropriate

6    correction and other appropriate relief to all affected consumers.

7    42.    As Defendants failed and refused, after receipt of the §1782 notice, to adequately

8    respond to Plaintiff's demand to correct or otherwise rectify the wrongful conduct described

9    above on behalf of all Class members, Plaintiff seeks for all Class members all actual and

10   exemplary damages permitted for violation of the CLRA, (and any other comparable statutes the

11   Court finds applicable) including for statutory damages of up to $1,000 per consumer. In

12   addition, Class Plaintiff seeks and is entitled to, pursuant to California Civil Code §1780(a)(2),

13   an order enjoining the above-described wrongful acts and practices of Defendants, providing

14   restitution to all members of the Class who are so entitled, ordering the payment of costs and

15   attorneys' fees, and such other relief as deemed appropriate and proper by the Court under

16   California Civil Code §1780.

17

18
**COUNT II**
**Violation of CAL. BUS. & PROF. CODE §17200,** *et seq*.
**Unlawful, Unfair and Fraudulent Business Acts and Practices**
19
**(Against All Defendants)**

20   43.    Plaintiff hereby incorporates each and every allegation contained in ¶¶1-42 as if

21   fully alleged herein and further alleges as follows.

22   44.    Defendants' acts and practices as detailed above constitute acts of unfair

23   competition. Defendants have engaged in an unlawful, unfair, or fraudulent business act and/or

24   practice within the meaning of California Business & Professions Code § 17200. Such conduct

25   also violates other comparable and applicable state consumer protection laws, which laws do not

26   materially conflict with Business & Professions Code Section 17200.

27   45.    Defendants have engaged in an "unlawful" business act and/or practice by

advertising the Sony Grand Wega television, Model KDS-R50XBR1 as having 1080p resolution,

1    and they charged consumers hundreds of dollars more for a television with such a characteristic,

2    even though the television was not fully capable of 1080p resolution.  As detailed above, these

3    business acts and practices violated numerous provisions of law, including, in addition to the

4    foregoing, *inter alia*, California Civil Code §1709, the Consumers Legal Remedies Act,

5    California Civil Code § 1750, *et seq*.  (as set forth in detail herein), and the Business and

6    Professions Code §17500 *et seq*.  Plaintiff reserves the right to identify additional violations of

7    law as further investigation warrants.

8        46.    By engaging in the above-described conduct, Defendants have engaged in an

9    "unfair" business act or practice in that the justification for selling such products or services

10   based on the business acts and practices described above is outweighed by the gravity of the

11   resulting harm, particularly considering the available alternatives, and/or offends public policy, is

12   immoral, unscrupulous, unethical and offensive, or causes substantial injury to consumers and

13   competitors.

14       47.    By engaging in the above-described conduct, Defendants have engaged in a

15   "fraudulent" or "deceptive" business act or practice in that the business acts and practices

16   described above had a tendency and likelihood to deceive purchasers of such goods or services,

17   and those potentially targeted by the deceptive practices here at issue.

18       48.    Defendants need only to have violated one of the three provisions set forth above

19   to be strictly liable under this Cause of Action.

20       49.    The above-described unlawful, unfair or fraudulent business acts and practices

21   engaged in by Defendants continue to this day and present a threat to the Class in that Defendants

22   have failed to publicly acknowledge the wrongfulness of their actions and provide the complete

23   relief required by the statute.

24       50.    Pursuant to California Business & Professions Code §17203 (and any other

25   comparable statutes the Court finds applicable), Plaintiff, individually and on behalf of the Class,

26   seeks an order of this Court prohibiting Defendants from continuing to engage in the unlawful,

27   unfair, or fraudulent business acts or practices set forth in this Complaint and from failing to fully

    disclose the true facts as set forth herein, and/or ordering Defendants engage in a corrective

1  informational campaign.  Plaintiff additionally requests an order from the Court requiring that

2  Defendants provide complete equitable monetary relief, including that they disgorge and return

3  or pay Defendants' ill-gotten gains and such other monies as the trier of fact may deem necessary

4  to deter such conduct or prevent the use or enjoyment of all monies wrongfully obtained, and/or

5  pay restitution, including cancellation of the above obligations or the return of any monies paid to

6  Defendants that would not otherwise have been paid had the true facts been disclosed by

7  Defendants or if they had complied with their legal obligations and advertisements, plus any

8  interest earned by Defendants on such sums.  Such an order is necessary so as to require

9  Defendants to surrender all money obtained either directly or indirectly through such acts of

10  unfair competition, including all monies earned as a result of such acts and practices, so that

11  Defendants are prevented from benefiting or profiting from the practices that constitute unfair

12  competition or the use or employment by Defendants of any monies resulting from the sale of

13  such goods or services and/or to ensure the return of any monies as may be necessary to restore to

14  any person in interest any money or property which may have been acquired by means of such

15  acts of unfair competition.  Plaintiffs also request the Court order that an asset freeze or

16  constructive trust be imposed over all monies that rightfully belong to members of the Class.

17

18  **COUNT III**

**(For Breach of Written Warranty Under**

19  **Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. against Sony Electronics, Inc.)**

20      51.    Plaintiff hereby incorporates each and every allegation contained in ¶¶1- 50 as if

21  fully alleged herein and further alleges as follows.

22      52.    Plaintiff and the members of the class are "consumers" within the meaning of the

23  Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

24      53.    Sony is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss

25  Warranty Act, 15 U.S.C. § 2301(1).

26      54.    The televisions at issue in this lawsuit are "consumer products" within the

27  meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

12

1    55.    Sony's written affirmation of fact, promises, and/or descriptions as alleged herein

2    are each a "written warranty" within the meaning of the Magnuson-Moss Warranty Act, 15

3    U.S.C. § 2301(6).  Sony breached its written warranties as its televisions failed to perform as

4    warranted, *i.e.* they did not run at 1080p.  Sony therefore failed to honor its warranties for the

5    television.

6    56.    Plaintiff and the class members were damaged in that, among other things, they

7    paid for a television that did not perform as advertised, *i.e.* the televisions were worth hundreds

8    of dollars less than were warranted.

9    57.    In light of Sony's written refusal to informally resolve this issue, further

10   opportunity to cure its breach of warranties is futile.  At the time of the sale to Plaintiffs,

11   Defendant knew, or should have known, or was reckless in not knowing of its misrepresentations

12   concerning the Sony Grand Wega television's inability to perform as warranted but nevertheless

13   failed to rectify the situation.  Moreover, Plaintiff sent Sony notice of the dispute and it failed to

14   cure its breach.

15
**COUNT IV**
**(For Breach of Written Warranty Under**
16   **Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* against ABC Warehouse.)**

17   58.    Plaintiff hereby incorporates each and every allegation contained in ¶¶ 1- 57 as if

18   fully alleged herein and further alleges as follows.  This Count is brought by Plaintiff on behalf

19   of himself and a subclass of persons that purchased such Sony televisions through ABC

20   Warehouse.

21   59.    Plaintiff and the members of the class are "consumers" within the meaning of the

22   Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

23   60.    ABC Warehouse is a "supplier" and "warrantor" within the meaning of the

24   Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

25   61.    The televisions at issue in this lawsuit are "consumer products" within the

26   meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

27   62.    ABC Warehouse's written affirmation of fact, promises, and/or descriptions as

alleged herein are each a "written warranty" within the meaning of the Magnuson-Moss

1   Warranty Act, 15 U.S.C. § 2301(6).  ABC Warehouse breached its written warranties as its

2   televisions failed to perform as warranted, *i.e.* they did not run at 1080p.  ABC Warehouse

3   therefore failed to honor its warranties for the television.

4        63.    Plaintiff and the class members were therefore damaged in that, among other

5   things, they purchased a television worth far less than advertised by ABC Warehouse as such

6   televisions did not conform to ABC Warehouse's representations.

7        64.    Resorting to any informal dispute settlement procedure and/or affording ABC

8   Warehouse a reasonable opportunity to cure its breach of warranties is futile.  At the time of the

9   sale to Plaintiffs, ABC Warehouse knew, or should have known, or was reckless in not knowing

10  of its misrepresentations concerning the Sony Grand Wega television's inability to perform as

11  warranted but nevertheless failed to rectify the situation.  Moreover, Plaintiff afforded ABC

12  Warehouse an opportunity to cure and it failed to adequately do so. .

13                         **COUNT V**

**Breach of Implied Warranty of Merchantability**

14                    **(Against Sony Electronics, Inc.)**

15       65.    Plaintiff hereby incorporates each and every allegation contained in ¶¶1-64 as if

16  fully alleged herein and further alleges as follows.

17       66.    The implied warranty of merchantability arises through operation of state law,

18  cannot be disclaimed or modified pursuant to 15 U.S.C. § 2308 and is incorporated into the

19  Warranty Act pursuant to 15 U.S.C. § 2301(7) whereby Sony, by and through Defendants'

20  warranties, impliedly warranted that the Sony Grand Wega television would conform to the

21  promises, affirmations, undertakings, and descriptions contained in the contracts, labels,

22  advertisements, and warranties, *i.e.* always run at 1080p resolution.

23       67.    As the television did not run at 1080p resolution as promised, it is thereby not fit

24  for the ordinary and essential purpose for which it was intended.

25       68.    As a direct and proximate result of Sony's failure to comply with the warranties

26  coupled with the unmerchantable condition of the television, Plaintiff and the class suffered

27  damages, including:

1        a.      purchase and receipt of non-confirming and unmerchantable televisions that are diminished in value by hundreds of dollars;

2

3        b.      failure to receive the use, benefit, and enjoyment of the television;

4        c.      inability to utilize the television for its intended ordinary purpose;

5        d.      loss of full use of the television for its intended purposes; and

6        e.      incursion of incidental and consequential damages.

7      69.      The defects and conformities present in the Sony Grand Wega television, coupled

8 with Sony's failures as described above, constitute a violation of the Magnuson-Moss Warranty

9 Act, 15 U.S.C. § 2301 *et seq.*, and a breach of the implied warranty of merchantability under

10 state and federal law.

11                          **COUNT VI**
**Breach of Implied Warranty of Merchantability**
12                          **(Against ABC Warehouse)**

13      70.      Plaintiff hereby incorporates each and every allegation contained in ¶¶1-69 as if

14 fully alleged herein and further alleges as follows. This Count is brought by Plaintiff on behalf

15 of himself of a subclass of persons that purchased such Sony televisions through ABC

16 Warehouse.

17      71.      The implied warranty of merchantability arises through operation of state law,

18 cannot be disclaimed or modified pursuant to 15 U.S.C. § 2308 and is incorporated into the

19 Warranty Act pursuant to 15 U.S.C. § 2301(7) whereby ABC Warehouse, by and through

20 Defendants' warranties, impliedly warranted that the Sony Grand Wega television would

21 conform to the promises, affirmations, undertakings, and descriptions contained in the contracts,

22 labels, advertisements, and warranties, *i.e.* run at 1080p resolution.

23      72.      As the television did not run at 1080p resolution as promised, it is thereby not fit

24 for the ordinary and essential purpose for which it was intended.

25      73.      As a direct and proximate result of ABC Warehouse's failure to comply with the

26 warranties coupled with the un-merchantable condition of the television, Plaintiff and the

27 subclass suffered damages, including:

a.     purchase and receipt of one non-confirming and un-merchantable television that is diminished in value;

b.     failure to receive the use, benefit, and enjoyment of the television;

c.     inability to utilize the television for its intended ordinary purpose;

d.     loss of use of the television; and

e.     incursion of incidental and consequential damages.

74.     The defects and conformities present in the Sony Grand Wega television, coupled with ABC Warehouse's failures as described above, constitute a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and a breach of the implied warranty of merchantability under state and federal law.

**COUNT VII**
**Breach of Contract**
**(Against All Defendants)**

75.     Plaintiff hereby incorporates each and every allegation contained in ¶¶1-74 as if fully alleged herein and further alleges as follows.

76.     Plaintiff and members of the Class and Subclass, on the one hand, and Defendants, on the other, entered into a series of contracts through which Defendants promised to provide a Sony Grand Wega television, Model KDS-R50XBR1 that was always capable of displaying 1080p resolution.

77.     Plaintiff and members of the Class and Subclass accepted Defendants' offers.

78.     Plaintiff and each member of the Class and the Subclass have fully performed all conditions, covenants and promises required to be performed or were excused from any conditions, covenants and promises.

79.     All conditions required for Defendants' performance have occurred.

80.     Defendants failed to live up to their contractual promise that the Sony Grand Wega television always ran at 1080p resolution.

81.     Accordingly, Defendants have breached their contracts with Plaintiff, the Class and the Subclass.

1      82.    As a result of Defendants' breach, Plaintiff and the Class members have been

2  damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

4      WHEREFORE, Plaintiff David Date, Jr., individually and on behalf of the Class, prays

5  for judgment and relief against defendants as follows:

6      1.    Temporary, preliminary and permanent injunctive relief, including, but not limited

7  to, an order of this Court ordering defendants to immediately cease all acts of unfair competition

8  and enjoining Defendants from continuing to conduct business via the illegal acts or practices as

9  particularized herein, as well as from refusing to engage in a corrective information campaign

10  regarding their policies, and imposing an asset freeze over all illegally obtained monies;

11      2.    Actual, statutory, consequential, incidental and punitive damages;

12      3.    Reasonable costs of suit and attorneys' fees;

13      4.    Pre- and post-judgment interest;

14      5.    An order certifying the Class and appointing plaintiff and her counsel

15  as Class Representative and Class Counsel; and

16      6.    Such other and further relief as this Court may deem necessary, proper and/or

17  appropriate.

### JURY DEMAND

19      Plaintiff demands a trial by jury on all causes of action so triable.

20      DATED this 2 day of April, 2007.

21

22      ROSNER & MANSFIELD LLP
    10085 Carroll Canyon Road, First Floor
23      San Diego, CA 92131
    (858) 348-1005

24

25      By:
    Alan M. Mansfield
    John W. Hanson

26

27      THE CONSUMER ADVOCACY CENTER, P.C.
    Lance A. Raphael
    Stacy M. Bardo

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Allison A. Krumhorn
180 West Washington, Suite 700
Chicago, Illinois  60602
(312) 782-5808

**EXHIBIT A**

# SONY

# KDS-R50XBR1

Grand WEGA™ SXRD™ Rear Projection Television

## Key Features

- SXRD™ Technology
- WEGA Engine™ HD System
- Cinema Black Pro
- ATSC Integrated Tuner with CableCARD™ Slot
- HDMI™ (High Definition Multimedia Interface)
- PC Input (D-Sub 15pin)

## Key Technologies

**SXRD™ Panels** SXRD technology is a new display technology developed by the legendary television engineers at Sony® to meet and exceed the demands of a High Definition image at its full 1080 line resolution. Digitally transmitted High Definition signals can contain over 2 million individual detail points that need to be displayed accurately and rapidly. SXRD displays those 2 million detail points per SXRD panel accurately since the 3 SXRD panels actually contain enough pixels to fully display a 1080 line picture without interlacing it.

SXRD has the speed to create a smooth, film like image. The SXRD panels have a blistering 5ms response time (total rise and fall time), which exceeds the demands of even the most rapidly moving High Definition images. And SXRD creates highly accurate, natural colors because the 3-panel design displays all the colors, all the time.

**Cinema Black Pro** Cinema Black Pro is an exclusive Sony function designed to improve contrast expression especially in darker scenes. The Cinema Black Pro function is enabled by using either one or both of two features - Iris Control and Advanced Iris. The Iris Control function sets the maximum size of the iris opening and sets the overall level of brightness. There are six settings that allow the user to adjust the iris opening to best match the room lighting conditions.

The Advanced Iris function is a dynamic adjustment that automatically opens and closes the iris according to the gamma level of the picture on the screen. There are four different adjustments. The "High" setting is ideal for movies and music video content. And the "Off" setting works great for sports and news content.

**WEGA Engine™ HD** Because of the special demands HDTV places on signal quality a new generation of Sony's exclusive WEGA Engine™ advanced picture quality system has evolved into WEGA Engine™ HD. Two innovative digital imaging processes have been added to improve overall picture quality. A High Contrast Image processor dynamically detects the histogram of each frame and instantly applies the ideal contrast level for crisper images. And the Natural High Density Picture Image processor reduces noise elements by intelligently separating the noise from the video signal for a purer more detailed picture. Enjoy a stunning display of realistic images, amazing detail and sharpness, reduced noise and enhanced clarity with improved depth and contrast.









# XBR

like.no.other™

GRAND
WEGA

# KDS-R50XBR1

## Grand WEGA™ SXRD™ Rear Projection Television

## Features

### General
Auto SAP: Yes
Channel Fix: Yes
ID1 Detection: Yes
Video Label: Yes

### Video
Screen or Display Technology: SXRD™ Technology
Tuner: ATSC, 8VSB, NTSC, Clear QAM, CableCARD™ QAM
Video Signal System: ATSC, NTSC
Video Processing: Yes
Auto White Balance: Yes
Color Temperature: Cool, Neutral, Warm
Color Correction: High, Low, Off
Noise Reduction: Yes
Black Corrector: High, Medium, Low, Off
Cinema Black Pro: Yes
Clear White: On/Off
Gamma Compensation: High, Medium, Low, Off
CineMotion® Reverse 3:2 Pulldown Technology: Yes
Digital Texture Enhancer: High, Medium, Low, Off
Direct Digital II Circuitry: Yes
Advanced Iris: Yes
Wide Mode (16:9): Wide Zoom, Full, Zoom
Wide Mode (4:3): Wide Zoom, Normal, Full, Zoom
Wide Mode (PC): Normal, Full 1, Full 2
Slide Show Mode: Yes
Display Mode for PC Input: Yes
Comb Filter: 3D Digital Comb Filter
DRC® MultiFunction Circuitry: Yes (DRC-MF v2)
DRC® Mode: Mode 1, Mode 2, CineMotion® function
DRC® Palette Presets: Custom 1, Custom 2, Custom 3
Direct Mode: On/Off
Game Mode: On/Off
Game Picture: Yes
Auto Adjustment (PC): Yes
Phase (PC Only): Yes
Pitch (PC Only): Yes
Advanced Video Menu: Yes
Picture Modes: Vivid, Standard, Pro
Detail Enhancer: High, Medium, Low, Off
BN Smoother™: Yes

### Audio
Tone Control(s): Treble and Bass
Sound Mode: Dynamic, Clear Voice, Natural
MTS Stereo Decoder: Yes
Digital Amplifier: S-Master™ Digital Amplifier
Audio Mute: Yes
Speaker On/Off: Yes
Simulated Surround: Yes
SRS® TruSurround® Audio Effect: Yes
Dolby® Digital: Yes

### Convenience
Channel Label: Yes

Channel Skip/Add: Yes
Channel Jump: Yes
Favorite Channel: Yes
Speed Surf™ Channel Selection: Yes
Program Guide Access: Yes
Auto Channel Programming: Yes
Menu Color: Gray, Red, Green, Indigo, Purple
Multiple Language Display: English, Español, Français
Parental Control (V-Chip): Yes
Freeze Memo Screen Freeze: Yes
Info Banner: Yes
Programmable Timer: Yes
Sleep Timer: 15, 30, 45, 60, 90, Off
Timer Events: 2 Event
Caption Vision: On, Off, Program
Clock: Yes (with ON/OFF Timer)
Picture And Picture: Yes
Power Save Mode: Standard, Reduced
Built-In AC Adaptor: Yes

## Specifications

### General
Aspect Ratio: 16:9
Screen Size: 50"

### Video
Native Resolution: 1080p
Horizontal Scan (KHz) for PC: 15 different frequences
Display Resolution: 1920 x 1080
Overscan: Normal, +1, +2
Viewing Angle: Right/Left: 130°, Up/Down: 60°
Display Response Time: 5 ms (rise and fall)
Vertical Size: +10 to -10
Vertical Center: +63 to -64
Horizontal Center: +63 to -64
Vertical Frequency (Hz): 8 different frequences

### Audio
Speaker Type: Round
Speakers (Total): 4
Full Range Speaker Size: 3 1/4"
Audio Power Output: 30W Total (15W x 2)

### Inputs and Outputs
Analog Audio Input(s): 6 (1 Front/5 Rear)
Audio Out (Variable/Fixed): 1 (Rear) - Fixed/Variable
CableCARD™ Slot: Yes
Component Video (Y/Pb/Pr) Input(s): 2 (Rear)
Composite Video Input(s): 3 (1 Front/2 Rear)
Control-S Input(s): 1 (Rear)
Control-S Output(s): 1 (Rear)
Digital Audio Output(s): 1 (Rear: PCM/ Dolby® Digital (Optical)
HDMI™ Connection Input(s): 2 (Rear: 1 with Audio Inputs, 1 without Audio Inputs)
i.LINK® Connection: 3 (1 Front/2 Rear)
Memory Stick® Media Slot: 1 (1 Front)
RF Connection Input(s): 2 (Rear)

S-Video Input(s): 3 (1 Front/2 Rear, Auto Detect on Video 1 only)
PC Audio Input(s): 1 (Rear)
PC Video Input(s): 1 (Rear)

### Power
Internal Power Supply: Yes
Power Consumption (In Operation): 240W
Power Consumption (In Standby): 0.5W
Power Requirements: AC 120, 60Hz
Power Management: Yes
Power Consumption (CableCARD™ Function In Standby): Less than 30W (Also applies to i.LINK port.)

### Service and Warranty Information
Limited Warranty: 1 Year Parts and Labor

### Dimensions
Weight: 94 lbs 13 oz (43 kg)
Measurements: 57-1/4" x 34" x 18 7/8" (1453 x 863 x 478 mm)

### Supplied Accessories
Remote Control (RM-Y914)
Operating Instructions
Quick Start Guide
Batteries (AAA x2)
Warranty
Product Registration Card

### Optional Accessories
SU-GW12 (AV Stand)
XL-5100 (120W Replacement Lamp)

UPC Code: 027242681101

Confidential Sony information. For Internal Use Only.
1. Screen Size measured diagonally
2. For additional viewing angle information please consult the Owner's Manual.

©2005 Sony Electronics Inc. All rights reserved.
Sony, QualiA, Grand WEGA, S-Master, Steady Sound, WEGA Engine, Speed Surf, Memory Stick, SXRD, i.LINK, CineMotion and DRC are trademarks of Sony. CableCARD is a trademark of Cable Television Laboratories, Inc. SRS and the SRS symbol, and TruSurround are trademarks of SRS Labs, Inc. This TV incorporates High-Definition Multimedia Interface (HDMI™) technology. HDMI, the HDMI logo and High-Definition Multimedia Interface are trademarks or registered trademarks of HDMI Licensing LLC. All other trademarks are property of their respective owners. Features and specifications are subject to change without notice. Non-metric weights and measures are approximate.

SONY.   Sony Electronics Inc. • 16530 Via Esprillo Drive • San Diego, CA 92127 • 1-800-222-7669 • www.sony.com     Last Updated: 12/21/2005



1-800-981-3866

Since 1962 40 Locations and Growing

MY ACCOUNT | ?

Store Locator

Shop Online | ONLINE STORE | SHOP BY BRAND | ACCESSORIES STORE | IN-STORE CLEARANCE | ABC

Online Store

Home >> Online Store >> Televisions >> Projection Televisior
>> KDSR50XBR1

**Search**

Online Products
GO

**SONY "XBR" KDSR50XBR1**

- Appliances
- Small Appliances
- Vacuums/Floorcare
- Home Audio
- Digital Cameras
- Camcorders
- Home Video
- Televisions
- Portable Audio
- Small Electronics
- Mobile Electronics
- Phones
- Communications
- Computers
- Home Office
- Furniture
- Games & Toys
- Power Tools


Enlarge Product Image

**Product Features**

- 6,220,800 pixels w/3 sxrd
- 0.61" sxrd panel 1920x1080
- Hdmi & pc input
- Memory stick media viewer
- Qualia 006 pure
- Replaceable 120\ lamp
- Twin-view PIP
- 57.25w x 34"h x

**Spec Sheet**

Adobe Acrobat Reader is required to view these

**SONY "XBR"
KDSR50XBR1
50" 1080p Sxrd Grand WEGA HDT\
with Built-in hdtv/cable card**

**$2999**

**Accessories For This Item**

TECH CRAFT
SDF5560
(Item 29776)

Matching Sony TV Stand with Sculpted base and top

$349.95

"In-store Only"

---

### Online Selection Growing Daily!


Check Out Our Current Sale Flyer

Online Store | Accessories Store | In-Store Clearance | ABC Warehouse
"OR LESS" | Store Locator | ABC Credit Card | Contact Us | Customer Service | Gordysma
Contract/Builder Sales | ABC Gift Card | Home Delivery Inquiry | Rebates/Promotions | Weekly S
Account Profile | Order Status | Change Login & Password | Shopping Cart | Help | FAQ

Site best viewed with monitor settings at 800 x 600 using Internet Explorer 4.0 or higher a
Netscape 4.0 or higher. ABC Warehouse reserves the right to limit quantities.
U.S. sales only. Not responsible for typographical errors.

**EXHIBIT C**

**ABC WAREHOUSE**

| DATE | INVOICE NO. |
|------|-------------|
| 03-31-06 | A42 188765 |

**BILL TO:** 7346971448
DAVID DALE JR
19958 CRANDELL CT
BELLEVILLE    MI 48111

**SHIP TO:** 7346971448
DAVID DALE JR
19958 CRANDELL CT
BELLEVILLE    MI 48111

| ACCOUNT NUMBER | PURCHASE ORDER NO. | DATE SHIPPED | TERMS | UN ORDER |
|----------------|--------------------|--------------| ------|----------|
| | FULH | 04-01-06 | | |

**MERCHANT IDENTIFICATION** 24c

**SALES NUMBER AND NAME** 196    RANDY SIMPSON    1907    CRAIG WRIGHT

| ACCOUNT NO. | EXP. DATE |
|-------------|-----------|
| CARD TYPE  TRANS. TYPE   S/O | AUTH. NO. |
| TRANS. DATE   RER NO. | AMOUNT |

**SPECIAL INSTRUCTIONS**

| ITEM NUMBER | QTY | ITEM DESCRIPTION | | | UNIT PRICE | AMOUNT | |
|-------------|-----|------------------|---|---|-----------|--------|---|
| | 301 | KDS65JGA7A 50" SONY PLUS EN 1 | 0 | 0 | 2600.00 | 2600.00 | Pch DATE ABC 04-01-06 |
| | AAA | 5YR HDTV 48"-63" WAR PLUS | 0 | 0 | 169.95 | 169.95 | A42 04-01-06 |
| | AAA | DELIVER UNLY98198 EN 1 | 0 | 0 | 19.95 | 19.95 | A42 04-01-06 |
| | AAA | DELIVERY MAIL-IN REBATE | 0 | 0 | | | A42 04-01-06 |
| | AAA | 360-FIT 18L FINANCE | 0 | 0 | | | A42 04-01-06 |

**PAYABLE IN U.S. FUNDS**

Cardholder acknowledges receipt of goods and/or services in the amount of the Total shown hereon and agrees to perform the obligations set forth in the Cardholder's agreement with the issuer.

**SALE ACKNOWLEDGED AND DRAFT ACCEPTED**
Customer acknowledges receipt of goods and understands terms of sale as outlined on both sides of this document.

X _____
CARDHOLDER SIGNATURE

| | | SALES TAX | |
|---|---|-----------|---|
| CASH | | TOTAL | |
| CHECK | | | |
| CHARGE | | | |

AGREEMENT MUST BE APPROVED BY MANAGEMENT
Customer acknowledges receipt of goods and understands terms of sale as outlined on both sides of this document including the Warranty Plus Application.

Slock Release _____
Cust. Signature X _____   Witness _____

**INVOICE**

5862072

# THE CONSUMER ADVOCACY CENTER, P.C.*

A private law firm devoted to protecting consumers' rights

Lance A. Raphael
Attorney at Law
Licensed in Illinois

Offices in Chicago and Seattle

180 West Washington Street, Suite 700
Chicago, IL 60602
Phone: (312) 782-5808
Fax:    (312) 377-9930
E-mail: Lance@caclawyers.com

February 26, 2007

**Via Facsimile and Certified Mail Return Receipt Requested**

(858) 942-9123
General Counsel
Sony Electronics, Inc.
16530 Via Esprillo
San Diego, California  92127

(248) 465-9642
Randy Simpson
General Manager
ABC Warehouse
43606 West Oaks Drive
Novi, Michigan  48377

(212) 833-8800
General Counsel
Sony Corporate
550 Madison Avenue
New York, New York  10022

(248) 335-2568
General Counsel
ABC Warehouse
One West Silverdome Industrial Park
Pontiac, Michigan 48342

**Re: Notice of Violation of the Consumer Legal Remedies Act and Demand for Remedy**

To Whom It May Concern:

We have been requested to assist David Date, on behalf of himself and all others similarly situated nationwide, relating to claims for damages, restitution, and equitable relief arising out of the above named companies' improper practices of falsely advertising the Sony Grand Wega television, Model KDS-R50XBR1 as well as other models potentially as well, as having 1080p, as well as requests for payments of damages and restitution that are presently due and owing.  The facts regarding this situation are as follows:

On or about March 30, 2006, David Date purchased a new Sony Grand Wega television, Model KDS-R50XBR1 from ABC Warehouse for $3,153.70 (which includes the cost of the television, five year warranty, and delivery charge, as well as applicable finance charges).  David Date made such purchase after both Sony and ABC Warehouse directly represented to him that this television would run at 1080p.  After constructing an entertainment center built specifically for this television and attaching it to a computer he specifically created for such television, he discovered that your representations regarding the capabilities of the television were false in that such television did not run at 1080p.

* The Consumer Advocacy Center, P.C. is a private law firm. It is not, and is not affiliated with, any not-for-profit, government or public-interest organization.

THE CONSUMER ADVOCACY CENTER, P.C.*

A private law firm devoted to protecting consumers' rights

Lance A. Raphael
Attorney at Law
Licensed in Illinois

Offices in Chicago and Seattle.

180 West Washington Street, Suite 700
Chicago, IL 60602
Phone: (312) 782-5808
Fax:   (312) 377-9930
E-mail: Lance@caclawyers.com

As you are aware, this is not an isolated incident as Model KDS-R50XBR1 televisions are uniformly advertised by you as having 1080p, but do not in fact have this capability.

The policies and practices of falsely advertising your products to have capabilities that they do not was not authorized or allowable under law. Such conduct constitutes a violation of the Consumer Legal Remedies Act, CAL. CIV. CODE § 1750, *et seq.* for those persons.

Specifically, these practices constitute violations of the California Civil Code §§ 1770(a), under, *inter alia*, the following subdivisions:

(5)   Representing that goods or services have . . . characteristics, . . . uses [or] benefits . . . which they do not have;

(7)   Representing that goods . . . are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another;

(9)   Advertising goods or services with intent not to sell them as advertised;

(14)  Representing that a transaction confers or involves rights, remedies, or obligations which it does not have, or which are prohibited by law;

(16)  Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not;

(18)  Misrepresenting the authority of an . . . agent to negotiate the final terms of the transaction with a consumer;

(19)  Inserting an unconscionable provision in the contract.

You must undertake the following actions to resolve the issues raised by this letter, as well as to satisfy the requirements of California Civil Code § 1782(c), and any other applicable similar statutory or common law provisions, whether in tort or in contract:

(1)   identify all affected consumers;

(2)   advise such persons of the right upon request to a full, complete and timely refund of all amounts overpaid for this model television (the

**THE CONSUMER ADVOCACY CENTER, P.C.\***

Offices in Chicago and Seattle

A private law firm devoted to protecting consumers' rights

Lance A. Raphael
Attorney at Law
Licensed in Illinois

180 West Washington Street, Suite 700
Chicago, IL 60602
Phone: (312) 782-5808
Fax:    (312) 377-9930
E-mail: Lance@caclawyers.com

amount overpaid for this television is valued at the cost of the television sold versus the cost of the television if sold as advertised), plus reimbursement of any associated expenditures (such as postage, time, and telephone calls), interest on all such sums, costs, and reasonable attorneys' fees incurred;

(3)   agree to cease from advertising the Sony Grand Wega television as running with 1080p, as well as undertaking a corrective advertising campaign; and

(4)   provide proof that the acts above were the result of a bona fide error notwithstanding the use of reasonable procedures adopted to avoid such errors.

David Date reserves the right, after thirty (30) days from the date of this letter, to file a Complaint, as permitted by Civil Code § 1782, for claims of actual, statutory, treble and exemplary damages under the CLRA, plus any other relief as may be appropriate for those Class members who are consumers, unless a full and adequate response to this letter is offered to David Date and all affected consumers. It must be made clear that an individual offer will not avoid potential suit or your liability to other class members or claims under other theories of recovery, even if accepted. Thus, to avoid litigation, it is in the interests of all parties concerned that you address this problem immediately as set forth above.

This notice also serves as a demand to cure any breach of any express contract or warranty created by your uniform advertisements and offers, as well as any breach of implied warranties created by law. The above-requested relief is equally applicable to such claims, to the extent required by law.

If you have any questions or concerns, please contact me at your earliest convenience.

Yours very truly,
The Consumer Advocacy Center, P.C.

Lance A. Raphael

---

\* The Consumer Advocacy Center, P.C. is a private law firm. It is not, and is not affiliated with, any not-for-profit, government or public-interest organization.

# KDS-R50XBR1

## Features

### General
Auto SAP: Yes
Channel Fix: Yes
ID1 Detection: Yes
Video Label: Yes

### Video
Screen or Display Technology: SXRD™ Technology
Tuner: ATSC, 8VSB, NTSC, Clear QAM, CableCARD™ QAM
Video Signal System: ATSC, NTSC
Video Processing: Yes
Auto White Balance: Yes
Color Temperature: Cool, Neutral, Warm
Color Correction: High, Low, Off
Noise Reduction: Yes
Black Corrector: High, Medium, Low, Off
Cinema Black Pro: Yes
Clear White: On/Off
Gamma Compensation: High, Medium, Low, Off
CineMotion® Reverse 3:2 Pulldown Technology: Yes
Digital Texture Enhancer: High, Medium, Low, Off
Direct Digital II Circuitry: Yes
Advanced Iris: Yes
Wide Mode (16:9): Wide Zoom, Full, Zoom
Wide Mode (4:3): Wide Zoom, Normal, Full, Zoom
Wide Mode (PC): Normal, Full 1, Full 2
Slide Show Mode: Yes
Display Mode for PC Input: Yes
Comb Filter: 3D Digital Comb Filter
DRC® MultiFunction Circuitry: Yes (DRC-MF v2)
DRC® Mode: Mode 1, Mode 2, CineMotion® function
DRC® Palette Presets: Custom 1, Custom 2, Custom 6
Direct Mode: On/Off
Game Mode: On/Off
Game Picture: Yes
Auto Adjustment (PC): Yes
Phase (PC Only): Yes
Pitch (PC Only): Yes
Advanced Video Menu: Yes
Picture Modes: Vivid, Standard, Pro
Detail Enhancer: High, Medium, Low, Off
BN Smoother™: Yes

### Audio
Tone Control(s): Treble and Bass
Sound Mode: Dynamic, Clear Voice, Natural
MTS Stereo Decoder: Yes
Digital Amplifier: S-Master™ Digital Amplifier
Audio Mute: Yes
Speaker On/Off: Yes
Simulated Surround: Yes
SRS® TruSurround® Audio Effect: Yes
Dolby® Digital: Yes

### Convenience
Channel Label: Yes

Channel Skip/Add: Yes
Channel Jump: Yes
Favorite Channel: Yes
Speed Surf™ Channel Selection: Yes
Program Guide Access: Yes
Auto Channel Programming: Yes
Menu Color: Gray, Red, Green, Indigo, Purple
Multiple Language Display: English, Español, Français
Parental Control (V-Chip): Yes
Freeze Memo Screen Freeze: Yes
Info Banner: Yes
Programmable Timer: Yes
Sleep Timer: 15, 30, 45, 60, 90, Off
Timer Events: 2 Event
Caption Vision: On, Off, Program
Clock: Yes (with ON/OFF Timer)
Picture And Picture: Yes
Power Save Mode: Standard, Reduced
Built-In AC Adaptor: Yes

## Specifications

### General
Aspect Ratio: 16:9
Screen Size: 50"

### Video
Native Resolution: 1080p
Horizontal Scan (KHz) for PC: 16 different frequencies
Display Resolution: 1920 x 1080
Overscan: Normal, +1, +2
Viewing Angle Right/Left: 180°, Up/Down: 60°
Display Response Time: 6 ms (rise and fall)
Vertical Size: +10 to -10
Vertical Center: +83 to -64
Horizontal Center: +83 to -64
Vertical Frequency (Hz): 8 different frequencies

### Audio
Speaker Type: Round
Speakers (Total): 4
Full Range Speaker Size: 3 1/4"
Audio Power Output: 30W Total (15W x 2)

### Inputs and Outputs
Analog Audio Input(s): 3 (1 Front/2 Rear)
Audio Out (Variable/Fixed): 1 (Rear) - Fixed/Variable
CableCARD™ Slot: Yes
Component Video (Y/Pb/Pr) Input(s): 2 (Rear)
Composite Video Input(s): 3 (1 Front/2 Rear)
Control-S Input(s): 1 (Rear)
Control-S Output(s): 1 (Rear)
Digital Audio Output(s): 1 (Rear) PCM/Dolby® Digital (Optical)
HDMI™ Connection Input(s): 2 (Rear: 1 with Audio Inputs, 1 without Audio Inputs)
i.LINK® Connection: 3 (1 Front/2 Rear)
Memory Stick® Media Slot: 1 (1 Front)
RF Connection Input(s): 2 (Rear)

S-Video Input(s): 3 (1 Front/2 Rear, Auto Detect on Video 1 only)
PC Audio Input(s): 1 (Rear)
PC Video Input(s): 1 (Rear)

### Power
Internal Power Supply: Yes
Power Consumption (In Operation): ≤40W
Power Consumption (In Standby): 0.6W
Power Requirements: AC 120, 60Hz
Power Management: Yes
Power Consumption (CableCARD™ Function in Standby): Less than 60W¹ (Also applies to i.LINK port.)

### Service and Warranty Information
Limited Warranty: 1 Year Parts and Labor

### Dimensions
Weight: 94 lbs 13 oz (43 kg)
Measurements: 57-1/4" x 84" x 18 7/8" (1453 x 883 x 478 mm)

### Supplied Accessories
Remote Control (RM-Y914)
Operating Instructions
Quick Start Guide
Batteries (AAA x2)
Warranty
Product Registration Card

### Optional Accessories
SU-GW12 (AV Stand)
XL-5100 (120W Replacement Lamp)

UPC Code: 027242661101

¹ Function for Sony information, the information in one time.

©2006 Sony Electronics Inc. All rights reserved.
Sony, Duo，Grand WEGA, S-Master, CineMotion, WEGA Engine, Brand Surf, Memory Stick, DRC, i.LINK, CineMotion and UPC are trademarks of Sony. CableCARD is a trademark of Cable Television Laboratories, Inc. HD and the SRS symbol, all TruSurround are trademarks of SRS Labs, Inc. The HDMI名 are trademarks of HDMI Licensing LLC. Dolby and the HDMI, i.LINK logo and High-Definition Multimedia Interface are trademarks.
Features and specifications are subject to change without notice. Information and screen shots presented are examples. Actual appearance may vary.

**SONY**

Sony Electronics Inc. • 16530 Via Esprillo Drive • San Diego, CA 92127 • 1-800-222-7669 • www.sony.com          Last Updated: 12/21/2005



**SONY** KDS-R50XBR1

## Key Features

- SXRD™ Technology
- WEGA Engine™ HD System
- Cinema Black Pro
- ATSC Integrated Tuner with CableCARD™ Slot
- HDMI™ (High Definition Multimedia Interface)
- PC Input (D-Sub 15pin)

## Key Technologies

**SXRD™ Panels** SXRD technology is a new display technology developed by the legendary television engineers at Sony® to meet and exceed the demands of a High Definition image at its full 1080 line resolution. Digitally transmitted High Definition signals can contain over 2 million individual detail points that need to be displayed accurately and rapidly. SXRD displays those 2 million detail points per SXRD panel accurately since the 3 SXRD panels actually contain enough pixels to fully display a 1080 line picture without interlacing it.

SXRD has the speed to create a smooth, film like image. The SXRD panels have a blistering 5ms response time (total rise and fall time), which exceeds the demands of even the most rapidly moving High Definition images. And SXRD creates highly accurate, natural colors because the 3-panel design displays all the colors, all the time.

**Cinema Black Pro** Cinema Black Pro is an exclusive Sony function designed to improve contrast expression especially in darker scenes. The Cinema Black Pro function is enabled by using either one or both of two features - Iris Control and Advanced Iris. The Iris Control function sets the maximum size of the iris opening and sets the overall level of brightness. There are six settings that allow the user to adjust the iris opening to best match the room lighting conditions.

The Advanced Iris function is a dynamic adjustment that automatically opens and closes the iris according to the gamma level of the picture on the screen. There are four different adjustments. The "High" setting is ideal for movies and music video content. And the "Off" setting works great for sports and news content.

**WEGA Engine™ HD** Because of the special demands HDTV places on signal quality a new generation of Sony's exclusive WEGA Engine™ advanced picture quality system has evolved into WEGA Engine™ HD. Two innovative digital imaging processes have been added to improve overall picture quality. A High Contrast Image processor dynamically detects the histogram of each frame and instantly applies the ideal contrast level for crisper images. And the Natural High Density Picture processor reduces noise elements by intelligently separating the noise from the video signal for a purer more detailed picture. Enjoy a stunning display of realistic images, amazing detail and sharpness, reduced noise and enhanced clarity with improved depth and contrast.















**XBR**





50" 1080 Sxrd Grand WEGA HDTV with Built-in hdtv/cable card at ABC Warehouse - ... Page 1 of 2

ABC WAREHOUSE
The Closest Thing to Wholesale

Home >> Online Store >> Televisions >> Projection Television >> KDSR50XBR1

## SONY "XBR" KDSR50XBR1

### Product Features

- 6,220,800 pixels w/3 sxrd
- 0.61" sxrd panel 1920x1080
- Hdmi & pc input
- Memory stick media viewer
- Qualia 006 pure
- Replaceable 120w lamp
- Twin-view PIP
- 57.25w x 34"h x

Spec Sheet

Adobe Acrobat Reader is required to view these

**SONY "XBR"
KDSR50XBR1
50" 1080p Sxrd Grand WEGA HDTV
with Built-in hdtv/cable card**

**$2999**

Enlarge Product Image

### Accessories For This Item

TECH CRAFT
SDE5560
(Item 29776)

Matching Sony TV Stand with Sculpted base and top     **$349.95**     "In-store Only"

---

### Online Selection Growing Daily!

Online Store | Accessories Store | In-Store Clearance | ABC Warehouse

"OR LESS" | Store Locator | ABC Credit Card | Contact Us | Customer Service | Gordyism/ Contract/Builder Sales | ABC Gift Card | Home Delivery Inquiry | Rebates/Promotions | Weekly S Account Profile | Order Status | Change Login & Password | Shopping Cart | Help | FAQ

Site best viewed with monitor settings at 800 x 600 using Internet Explorer 4.0 or higher a Netscape 4.0 or higher. ABC Warehouse reserves the right to limit quantities
U.S. sales only. Not responsible for typographical errors.


Check Out Our Current Sale Flyer

SEP-19-2006 TUE 03:32 PM Huron Oaks     FAX NO. 17341256692     P. 04

SonyStyle - Dealer Locator

# SONY Dealer Locator

Of the 15,000 retailers in the U.S. selling Sony products, only Sony authorized dealers have access to Sony product managers, specialized customer service and more. Use this dealer locator tool to find the Sony authorized dealer nearest you.

Please call ahead to confirm availability of your specific product before visiting your local Sony authorized dealer.
Note: Special offers and/or promotions including kits or bundles offered at SonyStyle.com may differ from promotions offered by our authorized retail dealers.
Sony Authorized Dealers in your area

We found 2 locations near you.

Zoom Out ▬▬▬▬▬▬▬▬▬▬▬▬ Zoom In



| Zoom | Location | Phone | Distance | Directions |
|---|---|---|---|---|
| ❶ | ABC WAREHOUSE 43606 WEST OAKS DRIVE NOVI MI 48377 | | 1.44 miles | driving directions |
| ❷ | Paulson's Audio Video 37670 West 12 Mile Road Farmington MI 48331 | | 3.22 miles | driving directions |

GO BACK

To modify the parameters of your search for the Sony Authorized Dealer nearest you, please update your address information below or expand your search area by increasing the mileage in the search radius.

address:

city:                    state:            zip code:
                         select            48377

Search Radius (in miles)
5

model number:
KDL52XBR3

**EXHIBIT E**

# Greenberg
# Traurig

Francis A. Citera
(312) 456-8413
citeraf@gtlaw.com

March 23, 2007

Mr. Lance A. Raphael
The Consumer Advocacy Center, P.C.
180 West Washington Street
Suite 700
Chicago, Illinois 60602

Re: David Date

Dear Mr. Raphael:

We have been retained by Sony Electronics Inc. in connection with the above captioned matter. I am writing in response to your correspondence of February 26, 2007 directed to the general counsel of Sony Electronics and others.

Your letter contains a number of false and misleading statements. Please be assured that Sony Electronics will vigorously contest any "claims for damages, restitution, and equitable relief" relating to Mr. Date's purchase of a Sony Grand Wega television (Model No. KDS-R50XBR1).

Your assertion that Sony Electronics misrepresented the capabilities of the television is incorrect. The KDS-R50XBR1 has a native resolution that displays at 1080p, as is accurately set forth in the product's specifications and user manual, including the specification sheet attached to your letter of February 26, 2007. The native resolution is simply the physical resolution of a fixed-pixel display. Simply stated, the native resolution is the resolution of the display device.

When discussing resolution, however, you need to understand that the term applies not only to a television's display capability (the native resolution), but also to the television's input capabilities (input resolution). The input resolution for the KDS-R50XBR1 is 1080i, 720p, 480p and 480i. Again, this information is accurately set forth in the user manual.

Your statement, therefore, that Mr. Date discovered that Sony Electronics' "representations regarding the capabilities of the television were false" demonstrates

ALBANY
AMSTERDAM
ATLANTA
BOCA RATON
BOSTON
BRUSSELS*
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SILICON VALLEY
TALLAHASSEE
TAMPA
TOKYO*
TYSONS CORNER
WASHINGTON, D.C.
WEST PALM BEACH
ZURICH
*Strategic Alliance
Tokyo-Others/Strategic Alliance

Lance A. Raphael
March 23, 2007
Page 2


a fundamental misunderstanding of the important differences between native resolution and input resolution. There is no basis, therefore, for your request that Sony Electronics cure a purported breach of any express contract or warranty.

While we believe that this letter sets forth the fundamental differences between native resolution and input resolution, I would be happy to answer any additional questions you may have. I want to reiterate, however, that Sony Electronics will vigorously contest any claims that Mr. Date may pursue on behalf of himself or any putative class.

Sincerely,

Francis A. Citera

FAC/rm

CHI 5666750Bv1 3/21/2007

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
DAVID DATE, JR., Individually and On Behalf of All Others Similarly Situated

**DEFENDANTS**
SONY ELECTRONICS, INC. and BEST BUY WAREHOUSE

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED **Wayne County,**
PLAINTIFF **Michigan**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
BY: **PDL** DEPUTY
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
ROSNER & MANSFIELD, LLP
10085 Carroll Canyon Rd., 1st Fl.
San Diego, CA 92131
Tel: (858) 348-1005

**ATTORNEYS (IF KNOWN)**

**'07 CV 0592    BEN RBB**

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☒4 |
| Citizen of Another State | ☒2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. Section 1332

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $ To Be Determined   Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE ___ Docket Number ___

DATE April 2, 2007   SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

130625 #350 Ser 4/2/07

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 136625 - A2
April 2, 2007

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| CV086980 3-07-CV-0592 | | | 60.00 CH |
| Judge - BENETIZ | | | |
| CV086403 | | | 100.00 CH |
| CV510000 | | | 190.00 CH |

Total-> 350.00

FROM: CIVIL FILING
DAVID DATE JR V. SONY
ELECTRONICS INC ET AL
BCH 10559  SH